UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANGELA R. WITHERS** : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | |
| : | CA No. 1:08-CV-1217(RJL) |
| : | |
| **57th STREET MEWS, INC.** : | |
| : | |
| Defendant. : | |
| : | |
| : | |

## MOTION TO REMAND WITH POINTS AND AUTHORITIES

Comes now the Plaintiff, Angela R. Withers, by her undersigned counsel, and respectfully moves this Court, pursuant to 28 U.S.C. Section 1447( c) and LCvR. 7.1, to remand this matter back to the Superior Court of the District of Columbia. In support of her motion, Plaintiff states as follows:

1. On June 20th, 2008, Plaintiff filed a complaint in the Superior Court of the District of Columbia seeking to have her title to a parcel of real property in the District of Columbia perfected by a decree of the Superior Court declaring she has title by adverse possession. The authorizing statute states as follows:

> (a) When title to real property in the District of Columbia has become vested in a person by adverse possession, the holder thereof may file a complaint in the Superior Court of the District of Columbia to have the title perfected. In the complaint, it is sufficient to allege that the plaintiff holds the title to the property, and that it has vested in him, or in himself and in those under whom he claims, by adverse possession. In the action, it is not necessary to make

        any person or party defendant except those persons who appear to have a claim of title adverse to that of the plaintiff. Upon the trial of the cause, proof of the facts showing title in the plaintiff by adverse possession entitles him to decree of the court declaring his title by adverse possession, and a copy of the decree may be entered of record in the office of the Recorder of Deeds for the District. D.C. Code §16-3301.

    2. In general, such actions as might originally have been brought in Federal Court may be removed thereto. Removal jurisdiction is thus equated with original jurisdiction. Wright, *Federal Courts*, 3rd Ed. 38 at 148. Plaintiff had no choice but to bring the case in the Superior Court. The action is *in rem* and does not seek any affirmative relief from the Defendant. Had the Defendant wanted to clear its title from this or any claim, the action would have to be brought in the Superior Court, regardless of Defendant's residency. The fact that it is Plaintiff who is perfecting her title does not afford the Defendant any further choice of forums for its claim. Furthermore, Defendant has chosen to do business and purchase land in the District of Columbia. By doing so, Defendant acquiesced to local jurisdiction with regard to its land issues, and cannot complain that it is any more a stranger to the District of Columbia than is Plaintiff.

    3. The Defendant is a corporation organized and registered in the District of Columbia. Exhibit A. Its resident agent has a District of Columbia address. 28 USC Section 1332 states:

> (c) For the purposes of this section and section 1441 of this title [28 USC Section 1441]—
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business***

Defendant is not only incorporated in the District of Columbia, but also the District of Columbia is its principal place of business. Defendant filed and was granted a zoning exception to develop the land which is subject of this lawsuit. In fact, Plaintiff learned of Defendant's existence when the notice of the zoning hearing was posted near the property.

4. While the land may very well have a value in excess of $75,000.00, this lawsuit does not concern money. The gravamen of the suit is a request to the Superior Court that Plaintiff's title be confirmed. Since there is neither a monetary amount nor a particular value in controversy, this Court should not assume jurisdiction.

5. The removing party has the burden of demonstrating the basis of subject matter jurisdiction. *Merrill Dow Pharmaceuticals, Inc.* v. *Thomson*, 478 U.S. 804, 810, 106 S. Ct. 3229, 92 L.Ed.2nd 650 (1986). Furthermore, the inquiry "starts with a presumption against diversity jurisdiction". *Bradbury v. Dennis*, 310 F2d 73, 74 (10th Cir. 1962). Defendant simply has not met its burden of demonstrating this Court's basis for subject matter jurisdiction. If the case is not remanded,

3

Plaintiff faces the possibility that she will win a final judgment in federal court, only to have it determined that the Court lacked jurisdiction. On the other hand, remand will result in no diminishment of any valuable right of the Defendant. *Papst v. Roxana Petroleum Co.* 30 F.2d 953, 954 (D.C. Tex. 1929).

Wherefore, for reasons stated in this motion, Plaintiff requests that this Court abstain from exercising jurisdiction over this purely local matter and remand the case to the Superior Court of the District of Columbia.

                Respectfully submitted,

                ANGELA R. WITHERS
                Plaintiff
                By Counsel

CROWLEY, HOGE & FEIN, P.C.

By: /s/Christopher G. Hoge
    Christopher G. Hoge
    D.C. Bar No. 203257

Attorneys for Plaintiff
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
(202) 483-2900
chfcgh@aol.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Motion to Remand was mailed by first class mail, postage prepaid, to Amy S. Owen, Esq. and Kimberly L. Cole, Esq., attorneys for

Defendant, Cochran & Owen, LLC, 8000 Towers Crescent Drive, Suite 160, Vienna, VA 22182 this 14th day of August, 2008.

                                        /s/ Christopher G. Hoge

cgh/z/wpdirs/civil

fsullivanremandmtn.wpd

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**ANGELA R. WITHERS**                :
                                     :
        **Plaintiff,**                :
                                     :
    V.                               :

```
                                   :     CA No. 1:08-CV-1217(RJL)
                                   :
57th STREET MEWS, INC.             :
                                   :
        Defendant.                 :
                                   :
                                   :
```

**ORDER**

UPON CONSIDERATION of the Plaintiff's Motion to Remand this matter to the Superior Court of the District of Columbia, and of the Notice of Removal and the Defendant's Opposition to the Motion to Remand, and for good cause shown, it is by the Court, this ____ day of _____, 2008, hereby

ORDERED, that the Motion to remand be, and it is hereby, GRANTED; and it is further

ORDERED, that this matter is hereby remanded to the Superior Court of the District of Columbia.

```
                                   _____
                                   RICHARD J. LEON
                                   United States District Judge
```

Copies:

Christopher G. Hoge, Esq.
Crowley, Hoge & Fein, P.C.
1710 Rhode Island Avenue, N.W.  #700
Washington, D.C.  20036

Amy S. Owen, Esq.
Kimberly L. Cole, Esq.
Cochran & Owen, LLC
8000 Towers Crescent Drive  #160

Vienna, VA   22182

7




## Organization Information

**DCRA HOME**
**SERVICES**
**INFORMATION**
**ONLINE SERVICE REQUESTS**

### Online Organization Registration
**Search Registered Organizations**

**Organization Details - Step** | 1 | 2 | 3 |

To view another organization from the search, select the **Return to Search Results** button below. You may also **print** the organization details, or start a **new search**. Use the **Back to Main Page button** to continue the registration process.

| **Organization** | | **Registered Agent** |
|---|---|---|
| Organization Name: | 57TH STREET MEWS, INC. | HENRY PAUL |
| State: | DC | 625 MORRIS ROAD, SE, #15 |
| Status: | ACTIVE | Washington, DC 20020 |
| Initial Date of Registration: | 12/17/2003 | |
| File No.: | 234376 | |
| Organization Type: | DOMESTIC BUSINESS CORPORATION | |

[<< Back to Main Page] [< Return to Search Results] [Print Results] [New Search]

For more information, contact the Corporations Division at (202) 442-4432 or Ask the Director.

Government of the District of Columbia
Citywide Call Center : (202) 727-1000
TTY/TDD Directory

Telephone Directory by Topic | Agencies | DC Council | Search | Elected Officials

Feedback | Translation | Accessibility | Privacy & Security | Terms & Conditions

John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

**EXHIBIT A**

http://mblr.dc.gov/corp/lookup/status.asp?id=36326    6/10/2008